25-cv-0973

# EXHIBIT A

(/Content/Help/helpv7.pdf) Clerk Connect - Iberia Parish    Menu ▾    Balance $9.00    John Manicom ▾

BACK TO PREVIOUS PAGE

**C-144083**

**JOSEPH S. BROWN III VS**

**METAMORPHIC PARTNERS, LLC**

Minutes ▾    PURCHASE PDF

**Date Filed:** 06/06/2025    **Kind:** CIVIL    **Division:** C - Civil

**Date Last Active:** 07/03/2025    **Cause:** DAMAGES    **Suit Status:** Active

**Judge:** BORNE, VINCENT J.

CHRONOLOGICAL HISTORY (12)    PARTIES (6)    ATTORNEYS (2)    MINUTES (0)    COURT EVENTS (0)    DOCUMENT HIST(

| Date | Type | Description | Filed By |
|------|------|-------------|----------|
| | All ▾ | | |
| 07/03/2025 | | AFFIDAVIT - OF SERVICE - DANIEL URRUTIA (C/C REC'D & SIGNED 6-18-25) | BRINKS, TIMOTHY M. |
| 07/03/2025 | | EXHIBITS | BRINKS, TIMOTHY M. |
| 07/03/2025 | | AFFIDAVIT - AMENDED AFFIDAVIT OF SERVICE ON DONALD LACOMBE (REC'D & SIGNED 6-18-25) | BRINKS, TIMOTHY M. |
| 07/03/2025 | | EXHIBITS | BRINKS, TIMOTHY M. |
| 06/25/2025 | | AFFIDAVIT - SERVICE- DONALD LACOMBE | BRINKS, TIMOTHY M. |
| 06/25/2025 | | EXHIBITS | BRINKS, TIMOTHY M. |
| 06/09/2025 | Document | A-ENVELOPE - BRINKS, TIMOTHY M. | |
| 06/09/2025 | Document | CITATION R01 - BLACK, KIRBY | |
| 06/09/2025 | Document | CITATION R01 - URRUTIA, DANIEL | |
| 06/09/2025 | Document | CITATION R01 - METAMORPHIC PARTNERS, LLC | |
| 06/09/2025 | Document | CITATION R01 - LACOMBE, DONALD | |
| 06/06/2025 | | PETITION - DAMAGES *LONG ARM SERVICE* | BRINKS, TIMOTHY M. |

Privacy · Terms

(/Content/Help/helpv7.pdf) Clerk Connect - Iberia Parish    Balance $9.00

Iberia Parish Clerk of Court          C-144083
Filed Jun 06, 2025 3:58 PM          C - Civil
Melissa Louviere
Deputy Clerk of Court
E-File Received Jun 06, 2025 3:05 PM

## 16TH JUDICIAL DISTRICT COURT

## PARISH OF IBERIA

## STATE OF LOUISIANA

NO:  **144083-C**                                      DIVISION: _____

### JOSEPH S. BROWN III AND PATRICK BROWN

### VS.

### METAMORPHIC PARTNERS, LLC,
### DONALD LACOMBE, DANIEL URRUTIA, AND KIRBY BLACK

FILED: _____          _____
                                                        **DEPUTY CLERK**

### PETITION FOR DAMAGES
### FOR VIOLATIONS OF LOUISIANA SECURITIES LAW
### AND FRAUDULENT AND NEGLIGENT MISREPRESENTATIONS

NOW INTO COURT, through undersigned counsel, come plaintiffs, Joseph S. Brown III and Patrick Brown, who respectfully submit this Petition for Damages. In support of this Petition for Damages, Plaintiffs aver as follows:

### PARTIES

1.

Plaintiffs, Joseph S. Brown III and Patrick Brown, (collectively, "**Plaintiffs**"), are persons of full age and majority who are domiciled in Iberia Parish and Lafayette Parish, respectively.

2.

Made Defendants herein are the following:

    a.  Metamorphic Partners, LLC ("**Metamorphic Partners**"), is a Texas limited liability company doing business in Louisiana;

    b.  Donald LaCombe ("**Lacombe**"), a person of full age and majority who is a resident of Texas;

    c.  Daniel Urrutia ("**Urrutia**"), a person of full age and majority who is a resident of Texas; and

d. Kirby Black ("**Black**"), a person of full age and majority who is a resident of Texas.

Metamorphic Partners, Lacombe, Urrutia, and Black are hereinafter referred to collectively as the "**Defendants**."

## JURISDICTION AND VENUE

3.

This Court has original, subject matter jurisdiction over this civil action as a court of general jurisdiction authorized to conduct ordinary proceedings.

4.

This Court has personal jurisdiction over the defendants as Louisiana's long-arm statute, La. Rev. Stat. § 13:3201, confers personal jurisdiction over the defendants. Specifically, the causes of action set forth herein arise from the actions and misrepresentations made by Defendants in Iberia Parish, Louisiana and their transacting of business in this State. Defendants have also had systematic general business contacts with this State, and this suit arises out of and is related to Defendants' contacts with this State. Additionally, upon information and belief, the members of Metamorphic Partners include one or more individuals who are residents of and domiciled in Louisiana.

5.

Based on the facts pleaded herein, venue is proper in this Court pursuant to La. Rev. Stat. § 51:715 because, *inter alia*, violations of the Louisiana Securities Law were committed by Defendants in Iberia Parish and Defendants performed acts in furtherance of the transaction which violated the violations of the Louisiana Securities Law in Iberia Parish.

## FACTS

6.

Beginning in or around July 2024, Defendants intentionally and selectively contacted and met with Plaintiffs in Louisiana for the purpose of soliciting investments and offering to sell them securities, including investment contracts and shares in connection with separate entities named Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

2

7.

During the course of their communications and meetings with Plaintiffs, Defendants made multiple oral and written statements of material fact that they knew were untrue and misleading and were intended to deceive Plaintiffs.

8.

Plaintiffs justifiably relied on statements, misrepresentations, and omissions by Defendants, and Plaintiffs had no knowledge that they were untrue.

9.

As a result of Defendants' untrue statements and omissions, Plaintiff were induced to invest approximately $1.3 million each, for a total of $2.6 million, in connection with an investment contracts to obtain interests in two separate LLCs, Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

10.

Defendants' untrue statements and omissions in connection with the sale of these securities constitute a violation of Louisiana Securities Law, La. Rev. Stat. §§ 51:701, *et seq.* and Plaintiffs are entitled to recover the full amount of the consideration, totaling approximately $2.6 million, from Defendants, as well as all court costs and reasonable attorneys' fees incurred in connection therewith.

***Defendants' Untrue Statements and Omissions***

11.

In July 2024, Metamorphic Partners reached out to plaintiff Joseph S. Brown III to invite him to an in-person meeting in Iberia Parish, Louisiana, for the purpose of soliciting and offering the sale of investment contracts and securities to Plaintiffs.

12.

In these communications, Metamorphic Partners held itself out as a "diversified emerging asset manager" in the business of brokering and selling investments in securities.

13.

The in-person meeting was held in Iberia Parish on July 25, 2024.

14.

LaCombe, Urrutia, and Black are each members and officers of Metamorphic Partners. At all relevant times set forth herein, Lacombe was Metamorphic Partners' Managing Partner, Urrutia was a Partner and Head of Latin America at Metamorphic Partners, and Black was Metamorphic Partners' Vice President of External Relations.

15.

LaCombe, Urrutia, and Black were in attendance at the meeting in Iberia Parish, and each of them was directly and actively involved in communicating with Plaintiffs in Louisiana and in the solicitation of and offers to sell securities to Plaintiffs.

16.

During the July 25th meeting and in subsequent written and oral communications, Defendants made multiple misrepresentation and untrue statements regarding the investment contracts and securities, including untrue statements and misrepresentations pertaining to the identity and number of other investors, the capitalization tables for the investments and securities at issue, and the anticipated and promised returns to be received from Plaintiffs' investment in these securities.

17.

Specifically, Defendants provided Plaintiffs with falsified capitalization tables that contained untrue statements and information about the number of investors and the amounts of investment, including a capitalization table that listed eight (8) other purported investors who were in fact not investors and investments of $12,800,000 which were in fact never made or received, as well as assurances that Metamorphic Aspen, LLC would own over $12.3 million in shares in a water pipeline company, Kermit Pipeline, LLC. Defendants knew the representations and information in those capitalization tables were untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

18.

In addition to the falsified capitalization tables, Defendants also made untrue oral and written statements to Plaintiffs about the identity and number of the current and prospective investors in the securities being offered by Defendants, as well as the amounts of current and forthcoming investments. Defendants knew the statements and information was untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

19.

Additionally, Defendants also made untrue statements and misrepresentations to Plaintiffs about the financial forecasts for the investment, including the frequency and amount of dividends and revenues to be received following Plaintiffs' purchase of the securities and the promised return rates on their investments in the securities, including promised returns that were nearly double than what Plaintiffs would actually receive. Defendants knew the statements and information was untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

20.

Defendants knowingly made these untrue statements and misrepresentations to Plaintiffs in an effort to promote and induce them to purchase and invest in securities, namely investments in Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

21.

On or about September 18, 2024, Plaintiffs purchased securities in Metamorphic Aspen, LLC, in the amount of $1 million each, for a combined amount of $2 million, and subsequently purchased securities in Metamorphic Aspen GP, LLC in the amount of $300,000 each, for a combined amount of $600,000. Plaintiffs agreed to and entered into these purchases in direct reliance on the untrue statements and misrepresentations made by Defendants, which Plaintiffs had no way of knowing were untrue at the time of the purchases.

22.

To date, none of the other investors and investments that had been falsely represented by Defendants have ever materialized, nor have the dividends and returns that had been promised by Defendants been made.

## CAUSE OF ACTION

### COUNT I
### *DEFENDANTS' VIOLATION OF THE LOUISIANA SECURITIES LAW*

23.

Under the Louisiana Securities Law, La. Rev. Stat. §§ 51: 701, *et seq.*, it is unlawful to offer to sell or to sell any security by means of any oral or written untrue statement of material fact. La. Rev. Stat. § 51: 712.A(2). Further, it shall be unlawful for any person to offer for sale or sell any securities within or from this state unless he is a registered pursuant to the provisions of the Louisiana Securities Law. La. Rev. Stat. §§ 51:703.A(1) and 51:712.A(1).

24.

Defendants are liable for Plaintiffs' damages under La. Rev. Stat. § 51:712.A(2) of the Louisiana Securities Law because they offered and sold securities, through written and oral communication and by making untrue and misleading statements of material fact of which Plaintiffs did not know. Further, Defendants knew of the misleading nature of these statements, representations, and omission.

25.

Defendants promoted and offered to sell securities and investment contracts in Metamorphic Aspen, LLC, promising that Plaintiffs that millions of dollars had already been invested by other investors and that these investment contracts would generate certain return, when in fact Defendants had not received any other investments and knew Plaintiffs' investment funds would be placed and used for other unauthorized activities without any certain returns.

26.

Defendants are also liable for Plaintiffs' damages under La. Rev. Stat. §§ 51:703(A)(1) 51:712.A(1), and 51:714 for their unlawful offering and sale of securities within this state without being registered as a dealer or salesman pursuant to the provisions of the Louisiana Securities Law.

27.

Defendants' actions in this regard resulted in significant damages to Plaintiffs, including without limitation, lost investment funds, lost investment profits and opportunities, substantial attorneys fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience, entitling Plaintiffs to a full and complete recovery under the Louisiana Securities Law, including interest and attorneys' fees as provided under law.

**COUNT II**

*FRAUDULENT MISREPRESENTATIONS BY DEFENDANTS*

28.

In conjunction with their oral and written statements and representations to Plaintiffs, Defendants knowingly and intentionally made multiple material misrepresentations and omissions, including without limitation the untrue statements, misrepresentations and material omissions related to Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC, which are set forth herein and above.

29.

Defendants made those misrepresentations and omissions with the intent to obtain an unjust advantage and/or cause damage to Plaintiffs, including but not limited to by inducing Plaintiffs to purchase shares and invest in Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

30.

Defendants' misrepresentations and omissions resulted in errors which substantially influenced Plaintiffs' contractual consent and decision to proceed with the aforementioned investment.

31.

Additionally, Defendants' silence and inaction in failing to correct these errors and misstatements further contributed to and influence Plaintiffs' contractual consent and decision to proceed with the aforementioned investment.

32

Pursuant to Louisiana law, including La. Civ. Code art. 1953, Defendants are liable to Plaintiffs for all losses and damages which flowed from the contracts and agreements which Plaintiffs entered based on Defendants' fraudulent misrepresentations, including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience.

## COUNT III

### *NEGLIGENT MISREPRESENTATIONS BY DEFENDANTS*

33.

In conjunction with their oral and written statements and representations to Plaintiffs, Defendants made multiple misrepresentations and failed to provide accurate information, including without limitation the untrue statements, misrepresentations and omissions related to Metamorphic Aspen, LLC and Metamorphic Aspen GP, LL,  which are set forth herein and above.

34.

Defendants were at fault in making these misrepresentations in breach of their legal duty to supply accurate and comprehensive information as to their solicitation of Plaintiffs and the investments being offered for sale.

35.

Plaintiffs justifiably relied upon the representations of Defendants who held themselves out as qualified to sell investments and knowledgeable about the investments, including the identity of the other investors and total amount of investments to date.

36.

The reliance of the Plaintiffs on those representations resulted in damages sustained by Plaintiffs, including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys fees' expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience.

37.

As such, Defendants are liable to Plaintiffs for all losses sustained due to Defendants' tortious acts of negligent misrepresentation.

38.

Plaintiffs expressly reserve the right to amend and/or supplement the allegations and claims in this Petition and to name additional defendants as warranted under the facts and through discovery, including but not limited adding other members, officers, representatives, and agents of Metamorphic Partners, LLC as defendants in this matter.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs, Joseph S. Brown III and Patrick Brown ("Plaintiffs"), pray that their Petition be deemed good and sufficient and that this Court enter judgment against defendants, Metamorphic Partners, LLC, Donald Lacombe, Daniel Urrutia, and Kirby Black (collectively, "Defendants") as follows:

(a)  For all actual damages in an amount to be proven at trial or motion, including but not limited to full restitution of all losses incurred by Plaintiffs, with all Defendants being held liable jointly and severally with and to the same extent as each other;

(b)  For all other damages occasioned by Defendants' actions and violations of the applicable laws cited herein, including without limitation , including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys' fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience, with all Defendants being held liable jointly and severally with and to the same extent as each other;

(c)  For all exemplary damages occasioned by Defendants' bad faith actions and violations of the applicable laws cited herein;

(d)  For prejudgment and post-judgment interest as allowed pursuant to the laws of Louisiana;

(e)  For an award of attorneys' fees, costs, and expenses incurred in the prosecution of this action as permitted under Louisiana law, including but not limited to La. Rev. Stat. § 51:714; and

(f)  For such other relief as the Court deems just and proper under the circumstances.

*[signature on following page]*

Respectfully submitted,

**ADAMS AND REESE LLP**

_/s/ Timothy M. Brinks_
James T. Rogers III (#21845)
Timothy M. Brinks (#34461)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581–3234
Facsimile: (504) 566–0210
jim.rogers@arlaw.com
timothy.brinks@arlaw.com
_Counsel for Plaintiffs,_
_Joseph S. Brown III and Patrick Brown_

**PLEASE ISSUE SERVICE PURSUANT TO LONG ARM STATUTE, R.S. § 13:3204**

Metamorphic Partners, LLC
_through its registered agent_
Donald LaCombe
845 Texas Avenue
Suite 200
Houston, TX 77002

Donald E. LaCombe
23826 River Place Dr.
Katy, TX 77494

Daniel E. Urrutia
1404 Country Ridge Dr.
Desoto, TX 75115

Kirby S. Black
1611 Potomac Dr.
Houston, TX 77057

Iberia Parish Clerk of Court   C-144083
Filed Jun 25, 2025 4:18 PM   C - Civil
Kennedi Parks
Deputy Clerk of Court
E-File Received Jun 25, 2025 3:52 PM

**16TH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERIA**

**STATE OF LOUISIANA**

NO. 144083                                                  DIVISION "C"

**JOSEPH S. BROWN III**

**VERSUS**

**METAMORPHIC PARTNERS, LLC**

FILED:_____          _____
                                                    **DEPUTY CLERK**

<u>**AFFIDAVIT OF SERVICE**</u>

STATE OF LOUISIANA

PARISH OF ORLEANS

     Before me, the undersigned authority, duly qualified and commissioned in and for the Parish of Orleans, State of Louisiana, personally came and appeared:

**LISA K. GUTHRIE**

who, after being duly sworn did depose and state:

     1.     That she is employed by the law firm of Adams and Reese as a legal assistant to Timothy M. Brinks;

     2.     That she personally mailed the Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent Misrepresentations Pursuant to Louisiana R.S. 13:3204-05 in this matter to Donald E. Lacombe;

     3.     That the Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent Misrepresentations Pursuant to Louisiana R.S. 13:3204-05 was sent on June 17, 2025, by Federal Express courier, properly addressed to:

Donald E. Lacombe
23826 River Place Dr.
Katy, TX 77494

     4.     That said Citation and certified copies of a was received and signed for on February 21, 2025. (See Letter, Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent

Misrepresentations Pursuant to Louisiana R.S. 13:3204-05 and Federal Express Signed Receipt, attached hereto as Exhibit "A").


_Lisa K. Guthrie_
Lisa K. Guthrie


Sworn to and Subscribed to before
Me, this 25th day of June, 2025.


_Timothy M. Brinks_
Timothy M. Brinks, La. Bar No. 34461
NOTARY PUBLIC
My Commission is for Life

Timothy M. Brinks
Notary Public
Notary ID # 133565
Statewide Jurisdiction
My commission is for life

2

Iberia Parish Clerk of Court     C-144083
Filed Jul 03, 2025 8:37 AM     C - Civil
Nancy Larson
Deputy Clerk of Court
E-File Received Jul 02, 2025 1:26 PM

# ADAMS REESE

June 17, 2025

**TIMOTHY M. BRINKS**

*Via Federal Express*
*Overnight Delivery: 8821 0107 8362*

701 Poydras Street, Suite 4500
New Orleans, LA 70139
E: Timothy.Brinks@arlaw.com
O: 504.585.0246

Donald E. Lacombe
23826 River Place Dr.
Katy, TX  77494

        Re:   Joseph S. Brown, III
              Versus
              Metamorphic Partners, LLC
              16th JDC #C-144083

Dear Mr. Lacombe,

    Enclosed herein is a Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent Misrepresentations with regard to the above action.  By delivery of the enclosed, we are effecting service of process of this suit pursuant to Louisiana R.S. 13:3204-05

        Sincerely,

        ADAMS AND REESE  LLP

        Timothy M. Brinks

TMB:lkg
Encl.



EXHIBIT
A

Iberia Parish Clerk of Court        C-144083
Filed Jun 06, 2025 3:58 PM        C - Civil
Melissa Louviere
Deputy Clerk of Court
E-File Received Jun 06, 2025 3:05 PM

## 16TH JUDICIAL DISTRICT COURT

## PARISH OF IBERIA

## STATE OF LOUISIANA

NO:  **144083-C**                                           DIVISION: _____

### JOSEPH S. BROWN III AND PATRICK BROWN

### VS.

### METAMORPHIC PARTNERS, LLC,
### DONALD LACOMBE, DANIEL URRUTIA, AND KIRBY BLACK

FILED: _____        _____
                                                        **DEPUTY CLERK**

### PETITION FOR DAMAGES
### FOR VIOLATIONS OF LOUISIANA SECURITIES LAW
### AND FRAUDULENT AND NEGLIGENT MISREPRESENTATIONS

NOW INTO COURT, through undersigned counsel, come plaintiffs, Joseph S. Brown III and Patrick Brown, who respectfully submit this Petition for Damages. In support of this Petition for Damages, Plaintiffs aver as follows:

### PARTIES

1.

Plaintiffs, Joseph S. Brown III and Patrick Brown, (collectively, "**Plaintiffs**"), are persons of full age and majority who are domiciled in Iberia Parish and Lafayette Parish, respectively.

2.

Made Defendants herein are the following:

  a. Metamorphic Partners, LLC ("**Metamorphic Partners**"), is a Texas limited liability company doing business in Louisiana;

  b. Donald LaCombe ("**Lacombe**"), a person of full age and majority who is a resident of Texas;

  c. Daniel Urrutia ("**Urrutia**"), a person of full age and majority who is a resident of Texas; and

   d. Kirby Black ("**Black**"), a person of full age and majority who is a resident of Texas.

Metamorphic Partners, Lacombe, Urrutia, and Black are hereinafter referred to collectively as the "**Defendants**."

## JURISDICTION AND VENUE

3.

This Court has original, subject matter jurisdiction over this civil action as a court of general jurisdiction authorized to conduct ordinary proceedings.

4.

This Court has personal jurisdiction over the defendants as Louisiana's long-arm statute, La. Rev. Stat. § 13:3201, confers personal jurisdiction over the defendants. Specifically, the causes of action set forth herein arise from the actions and misrepresentations made by Defendants in Iberia Parish, Louisiana and their transacting of business in this State. Defendants have also had systematic general business contacts with this State, and this suit arises out of and is related to Defendants' contacts with this State. Additionally, upon information and belief, the members of Metamorphic Partners include one or more individuals who are residents of and domiciled in Louisiana.

5.

Based on the facts pleaded herein, venue is proper in this Court pursuant to La. Rev. Stat. § 51:715 because, *inter alia*, violations of the Louisiana Securities Law were committed by Defendants in Iberia Parish and Defendants performed acts in furtherance of the transaction which violated the violations of the Louisiana Securities Law in Iberia Parish.

## FACTS

6.

Beginning in or around July 2024, Defendants intentionally and selectively contacted and met with Plaintiffs in Louisiana for the purpose of soliciting investments and offering to sell them securities, including investment contracts and shares in connection with separate entities named Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

2

7.

During the course of their communications and meetings with Plaintiffs, Defendants made multiple oral and written statements of material fact that they knew were untrue and misleading and were intended to deceive Plaintiffs.

8.

Plaintiffs justifiably relied on statements, misrepresentations, and omissions by Defendants, and Plaintiffs had no knowledge that they were untrue.

9.

As a result of Defendants' untrue statements and omissions, Plaintiff were induced to invest approximately $1.3 million each, for a total of $2.6 million, in connection with an investment contracts to obtain interests in two separate LLCs, Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

10.

Defendants' untrue statements and omissions in connection with the sale of these securities constitute a violation of Louisiana Securities Law, La. Rev. Stat. §§ 51:701, *et seq.* and Plaintiffs are entitled to recover the full amount of the consideration, totaling approximately $2.6 million, from Defendants, as well as all court costs and reasonable attorneys' fees incurred in connection therewith.

### *Defendants' Untrue Statements and Omissions*

11.

In July 2024, Metamorphic Partners reached out to plaintiff Joseph S. Brown III to invite him to an in-person meeting in Iberia Parish, Louisiana, for the purpose of soliciting and offering the sale of investment contracts and securities to Plaintiffs.

12.

In these communications, Metamorphic Partners held itself out as a "diversified emerging asset manager" in the business of brokering and selling investments in securities.

13.

The in-person meeting was held in Iberia Parish on July 25, 2024.

14.

LaCombe, Urrutia, and Black are each members and officers of Metamorphic Partners. At all relevant times set forth herein, Lacombe was Metamorphic Partners' Managing Partner, Urrutia was a Partner and Head of Latin America at Metamorphic Partners, and Black was Metamorphic Partners' Vice President of External Relations.

15.

LaCombe, Urrutia, and Black were in attendance at the meeting in Iberia Parish, and each of them was directly and actively involved in communicating with Plaintiffs in Louisiana and in the solicitation of and offers to sell securities to Plaintiffs.

16.

During the July 25th meeting and in subsequent written and oral communications, Defendants made multiple misrepresentation and untrue statements regarding the investment contracts and securities, including untrue statements and misrepresentations pertaining to the identity and number of other investors, the capitalization tables for the investments and securities at issue, and the anticipated and promised returns to be received from Plaintiffs' investment in these securities.

17.

Specifically, Defendants provided Plaintiffs with falsified capitalization tables that contained untrue statements and information about the number of investors and the amounts of investment, including a capitalization table that listed eight (8) other purported investors who were in fact not investors and investments of $12,800,000 which were in fact never made or received, as well as assurances that Metamorphic Aspen, LLC would own over $12.3 million in shares in a water pipeline company, Kermit Pipeline, LLC. Defendants knew the representations and information in those capitalization tables were untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

18.

In addition to the falsified capitalization tables, Defendants also made untrue oral and written statements to Plaintiffs about the identity and number of the current and prospective investors in the securities being offered by Defendants, as well as the amounts of current and forthcoming investments. Defendants knew the statements and information was untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

19.

Additionally, Defendants also made untrue statements and misrepresentations to Plaintiffs about the financial forecasts for the investment, including the frequency and amount of dividends and revenues to be received following Plaintiffs' purchase of the securities and the promised return rates on their investments in the securities, including promised returns that were nearly double than what Plaintiffs would actually receive. Defendants knew the statements and information was untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

20.

Defendants knowingly made these untrue statements and misrepresentations to Plaintiffs in an effort to promote and induce them to purchase and invest in securities, namely investments in Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

21.

On or about September 18, 2024, Plaintiffs purchased securities in Metamorphic Aspen, LLC, in the amount of $1 million each, for a combined amount of $2 million, and subsequently purchased securities in Metamorphic Aspen GP, LLC in the amount of $300,000 each, for a combined amount of $600,000. Plaintiffs agreed to and entered into these purchases in direct reliance on the untrue statements and misrepresentations made by Defendants, which Plaintiffs had no way of knowing were untrue at the time of the purchases.

22.

To date, none of the other investors and investments that had been falsely represented by Defendants have ever materialized, nor have the dividends and returns that had been promised by Defendants been made.

5

## CAUSE OF ACTION

### COUNT I

### *DEFENDANTS' VIOLATION OF THE LOUISIANA SECURITIES LAW*

23.

Under the Louisiana Securities Law, La. Rev. Stat. §§ 51: 701, *et seq.*, it is unlawful to offer to sell or to sell any security by means of any oral or written untrue statement of material fact. La. Rev. Stat. § 51: 712.A(2).  Further, it shall be unlawful for any person to offer for sale or sell any securities within or from this state unless he is a registered pursuant to the provisions of the Louisiana Securities Law.   La. Rev. Stat. §§ 51:703.A(1) and 51:712.A(1).

24.

Defendants are liable for Plaintiffs' damages under La. Rev. Stat. § 51:712.A(2) of the Louisiana Securities Law because they offered and sold securities, through written and oral communication and by making untrue and misleading statements of material fact of which Plaintiffs did not know. Further, Defendants knew of the misleading nature of these statements, representations, and omission.

25.

Defendants promoted and offered to sell securities and investment contracts in Metamorphic Aspen, LLC, promising that Plaintiffs that millions of dollars had already been invested by other investors and that these investment contracts would generate certain return, when in fact Defendants had not received any other investments and knew Plaintiffs' investment funds would be placed and used for other unauthorized activities without any certain returns.

26.

Defendants are also liable for Plaintiffs' damages under La. Rev. Stat. §§ 51:703(A)(1) 51:712.A(1), and 51:714 for their unlawful offering and sale of securities within this state without being registered as a dealer or salesman pursuant to the provisions of the Louisiana Securities Law.

6

27.

Defendants' actions in this regard resulted in significant damages to Plaintiffs, including without limitation, lost investment funds, lost investment profits and opportunities, substantial attorneys fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience, entitling Plaintiffs to a full and complete recovery under the Louisiana Securities Law, including interest and attorneys' fees as provided under law.

## COUNT II
### *FRAUDULENT MISREPRESENTATIONS BY DEFENDANTS*

28.

In conjunction with their oral and written statements and representations to Plaintiffs, Defendants knowingly and intentionally made multiple material misrepresentations and omissions, including without limitation the untrue statements, misrepresentations and material omissions related to Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC, which are set forth herein and above.

29.

Defendants made those misrepresentations and omissions with the intent to obtain an unjust advantage and/or cause damage to Plaintiffs, including but not limited to by inducing Plaintiffs to purchase shares and invest in Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

30.

Defendants' misrepresentations and omissions resulted in errors which substantially influenced Plaintiffs' contractual consent and decision to proceed with the aforementioned investment.

31.

Additionally, Defendants' silence and inaction in failing to correct these errors and misstatements further contributed to and influence Plaintiffs' contractual consent and decision to proceed with the aforementioned investment.

32

Pursuant to Louisiana law, including La. Civ. Code art. 1953, Defendants are liable to Plaintiffs for all losses and damages which flowed from the contracts and agreements which Plaintiffs entered based on Defendants' fraudulent misrepresentations, including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience.

## COUNT III
### *NEGLIGENT MISREPRESENTATIONS BY DEFENDANTS*

33.

In conjunction with their oral and written statements and representations to Plaintiffs, Defendants made multiple misrepresentations and failed to provide accurate information, including without limitation the untrue statements, misrepresentations and omissions related to Metamorphic Aspen, LLC and Metamorphic Aspen GP, LL, which are set forth herein and above.

34.

Defendants were at fault in making these misrepresentations in breach of their legal duty to supply accurate and comprehensive information as to their solicitation of Plaintiffs and the investments being offered for sale.

35.

Plaintiffs justifiably relied upon the representations of Defendants who held themselves out as qualified to sell investments and knowledgeable about the investments, including the identity of the other investors and total amount of investments to date.

36.

The reliance of the Plaintiffs on those representations resulted in damages sustained by Plaintiffs, including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys fees' expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience.

8

37.

As such, Defendants are liable to Plaintiffs for all losses sustained due to Defendants' tortious acts of negligent misrepresentation.

38.

Plaintiffs expressly reserve the right to amend and/or supplement the allegations and claims in this Petition and to name additional defendants as warranted under the facts and through discovery, including but not limited adding other members, officers, representatives, and agents of Metamorphic Partners, LLC as defendants in this matter.

### **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs, Joseph S. Brown III and Patrick Brown ("Plaintiffs"), pray that their Petition be deemed good and sufficient and that this Court enter judgment against defendants, Metamorphic Partners, LLC, Donald Lacombe, Daniel Urrutia, and Kirby Black (collectively, "Defendants") as follows:

(a) For all actual damages in an amount to be proven at trial or motion, including but not limited to full restitution of all losses incurred by Plaintiffs, with all Defendants being held liable jointly and severally with and to the same extent as each other;

(b) For all other damages occasioned by Defendants' actions and violations of the applicable laws cited herein, including without limitation , including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience, with all Defendants being held liable jointly and severally with and to the same extent as each other;

(c) For all exemplary damages occasioned by Defendants' bad faith actions and violations of the applicable laws cited herein;

(d) For prejudgment and post-judgment interest as allowed pursuant to the laws of Louisiana;

(e) For an award of attorneys' fees, costs, and expenses incurred in the prosecution of this action as permitted under Louisiana law, including but not limited to La. Rev. Stat. § 51:714; and

(f) For such other relief as the Court deems just and proper under the circumstances.

*[signature on following page]*

Respectfully submitted,

**ADAMS AND REESE LLP**

_/s/ Timothy M. Brinks_____
James T. Rogers III (#21845)
Timothy M. Brinks (#34461)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581–3234
Facsimile: (504) 566–0210
jim.rogers@arlaw.com
timothy.brinks@arlaw.com
_Counsel for Plaintiffs,_
_Joseph S. Brown III and Patrick Brown_

**PLEASE ISSUE SERVICE PURSUANT TO LONG ARM STATUTE, R.S. § 13:3204**

Metamorphic Partners, LLC
_through its registered agent_
Donald LaCombe
845 Texas Avenue
Suite 200
Houston, TX 77002

Donald E. LaCombe
23826 River Place Dr.
Katy, TX 77494

Daniel E. Urrutia
1404 Country Ridge Dr.
Desoto, TX 75115

Kirby S. Black
1611 Potomac Dr.
Houston, TX 77057

FedEx
Express

June 18, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number 888210108382.

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | D. Lacombe | Delivery Location: | 23636 River Place Dr. |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; | | KATY, TX, 77494 |
| | Residential Delivery; | | |
| | Direct Signature Required | Delivery date: | Jun 18, 2025 10:37 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 888210108382 | Ship Date: | Jun 17, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Mr. Donald E. Lacombe,
23636 River Place Dr.
KATY, TX, US, 77494

Shipper:
Timothy M. Brinks, Adams and Reese LLP
701 Poydras St.
Suite 4500
New Orleans, LA, US, 70139

Reference                69130100001



D. LACOMBE
#6, 10:38, 1 Deja Home

Thank you for choosing FedEx.

Iberia Parish Clerk of Court
Filed Jul 03, 2025 8:37 AM    C - Civil
Nancy Larson
Deputy Clerk of Court
E-File Received Jul 02, 2025 1:26 PM

## 16TH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERIA

### STATE OF LOUISIANA

NO. 144083                                                    DIVISION "C"

### JOSEPH S. BROWN III AND PATRICK BROWN

### VS.

### METAMORPHIC PARTNERS, LLC,
### DONALD LACOMBE, DANIEL URRUTIA, AND KIRBY BLACK

FILED:_____                    _____
                                                        DEPUTY CLERK

### AMENDED AFFIDAVIT OF SERVICE ON DONALD LACOMBE

STATE OF LOUISIANA

PARISH OF ORLEANS

    Before me, the undersigned authority, duly qualified and commissioned in and for the Parish of Orleans, State of Louisiana, personally came and appeared:

### LISA K. GUTHRIE

who, after being duly sworn did depose and state:

    1.    That she is employed by the law firm of Adams and Reese as a legal assistant to Timothy M. Brinks;

    2.    That she personally mailed the Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent Misrepresentations Pursuant to Louisiana R.S. 13:3204-05 in this matter to Donald E. Lacombe;

    3.    That the Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent Misrepresentations Pursuant to Louisiana R.S. 13:3204-05 was sent on June 17, 2025, by Federal Express courier, properly addressed to:

                        Donald E. Lacombe
                        23826 River Place Dr.
                        Katy, TX 77494

    4.    That said Citation and certified copies were received and signed for by Donald Lacombe on June 18, 2025. (See Letter, Citation and certified copies of a Petition

for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent Misrepresentations Pursuant to Louisiana R.S. 13:3204-05 and Federal Express Signed Receipt, attached hereto as Exhibit "A").

     5.     That this Amended Affidavit of Service is being filed with the Court to correct a typographical error in the original Affidavit of Service that I signed and filed on on June 25, 2025, which misstated the above date of delivery, but which did attach the correct proof of delivery and signed receipt by Mr. Lacombe.

Lisa K. Guthrie

Sworn to and Subscribed to before
Me, this 2nd day of July, 2025.

William K. Wright IV (La. Bar No. 36736)
NOTARY PUBLIC
My Commission is for Life

2

Iberia Parish Clerk of Court    C-144083
Filed Jul 03, 2025 8:37 AM    C - Civil
Nancy Larson
Deputy Clerk of Court
E-File Received Jul 02, 2025 1:26 PM

# ADAMS REESE

TIMOTHY M. BRINKS

June 17, 2025

701 Poydras Street, Suite 4500
New Orleans, LA 70139
E: Timothy.Brinks@arlaw.com
O: 504.585.0246

*Via Federal Express*
*Overnight Delivery: 8821 0107 8362*

Donald E. Lacombe
23826 River Place Dr.
Katy, TX 77494

Re:     Joseph S. Brown, III
         Versus
         Metamorphic Partners, LLC
         16th JDC #C-144083

Dear Mr. Lacombe,

Enclosed herein is a Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent Misrepresentations with regard to the above action. By delivery of the enclosed, we are effecting service of process of this suit pursuant to Louisiana R.S. 13:3204-05

Sincerely,

ADAMS AND REESE LLP

Timothy M. Brinks

TMB:lkg
Encl.



EXHIBIT

A

701 Poydras Street, Suite 4500 | New Orleans, Louisiana 70139 | 504.581.3234 | Fax 504.566.0210

adamsandreese.com

Iberia Parish Clerk of Court    C-144083
Filed Jun 06, 2025 3:58 PM    C - Civil
Melissa Louviere
Deputy Clerk of Court
E-File Received Jun 06, 2025 3:05 PM

**16TH JUDICIAL DISTRICT COURT**

**PARISH OF IBERIA**

**STATE OF LOUISIANA**

NO: **144083-C**                                        DIVISION: _____

**JOSEPH S. BROWN III AND PATRICK BROWN**

**VS.**

**METAMORPHIC PARTNERS, LLC,
DONALD LACOMBE, DANIEL URRUTIA, AND KIRBY BLACK**

FILED: _____    _____
                                                    **DEPUTY CLERK**

**PETITION FOR DAMAGES
FOR VIOLATIONS OF LOUISIANA SECURITIES LAW
AND FRAUDULENT AND NEGLIGENT MISREPRESENTATIONS**

NOW INTO COURT, through undersigned counsel, come plaintiffs, Joseph S. Brown III and Patrick Brown, who respectfully submit this Petition for Damages. In support of this Petition for Damages, Plaintiffs aver as follows:

**PARTIES**

1.

Plaintiffs, Joseph S. Brown III and Patrick Brown, (collectively, "**Plaintiffs**"), are persons of full age and majority who are domiciled in Iberia Parish and Lafayette Parish, respectively.

2.

Made Defendants herein are the following:

   a.  Metamorphic Partners, LLC ("**Metamorphic Partners**"), is a Texas limited liability company doing business in Louisiana;

   b.  Donald LaCombe ("**Lacombe**"), a person of full age and majority who is a resident of Texas;

   c.  Daniel Urrutia ("**Urrutia**"), a person of full age and majority who is a resident of Texas; and

d.  Kirby Black ("**Black**"), a person of full age and majority who is a resident of Texas.

Metamorphic Partners, Lacombe, Urrutia, and Black are hereinafter referred to collectively as the "**Defendants**."

## JURISDICTION AND VENUE

3.

This Court has original, subject matter jurisdiction over this civil action as a court of general jurisdiction authorized to conduct ordinary proceedings.

4.

This Court has personal jurisdiction over the defendants as Louisiana's long-arm statute, La. Rev. Stat. § 13:3201, confers personal jurisdiction over the defendants. Specifically, the causes of action set forth herein arise from the actions and misrepresentations made by Defendants in Iberia Parish, Louisiana and their transacting of business in this State. Defendants have also had systematic general business contacts with this State, and this suit arises out of and is related to Defendants' contacts with this State. Additionally, upon information and belief, the members of Metamorphic Partners include one or more individuals who are residents of and domiciled in Louisiana.

5.

Based on the facts pleaded herein, venue is proper in this Court pursuant to La. Rev. Stat. § 51:715 because, *inter alia*, violations of the Louisiana Securities Law were committed by Defendants in Iberia Parish and Defendants performed acts in furtherance of the transaction which violated the violations of the Louisiana Securities Law in Iberia Parish.

## FACTS

6.

Beginning in or around July 2024, Defendants intentionally and selectively contacted and met with Plaintiffs in Louisiana for the purpose of soliciting investments and offering to sell them securities, including investment contracts and shares in connection with separate entities named Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

2

7.

During the course of their communications and meetings with Plaintiffs, Defendants made multiple oral and written statements of material fact that they knew were untrue and misleading and were intended to deceive Plaintiffs.

8.

Plaintiffs justifiably relied on statements, misrepresentations, and omissions by Defendants, and Plaintiffs had no knowledge that they were untrue.

9.

As a result of Defendants' untrue statements and omissions, Plaintiff were induced to invest approximately $1.3 million each, for a total of $2.6 million, in connection with an investment contracts to obtain interests in two separate LLCs, Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

10.

Defendants' untrue statements and omissions in connection with the sale of these securities constitute a violation of Louisiana Securities Law, La. Rev. Stat. §§ 51:701, *et seq.* and Plaintiffs are entitled to recover the full amount of the consideration, totaling approximately $2.6 million, from Defendants, as well as all court costs and reasonable attorneys' fees incurred in connection therewith.

### *Defendants' Untrue Statements and Omissions*

11.

In July 2024, Metamorphic Partners reached out to plaintiff Joseph S. Brown III to invite him to an in-person meeting in Iberia Parish, Louisiana, for the purpose of soliciting and offering the sale of investment contracts and securities to Plaintiffs.

12.

In these communications, Metamorphic Partners held itself out as a "diversified emerging asset manager" in the business of brokering and selling investments in securities.

13.

The in-person meeting was held in Iberia Parish on July 25, 2024.

14.

LaCombe, Urrutia, and Black are each members and officers of Metamorphic Partners. At all relevant times set forth herein, Lacombe was Metamorphic Partners' Managing Partner, Urrutia was a Partner and Head of Latin America at Metamorphic Partners, and Black was Metamorphic Partners' Vice President of External Relations.

15.

LaCombe, Urrutia, and Black were in attendance at the meeting in Iberia Parish, and each of them was directly and actively involved in communicating with Plaintiffs in Louisiana and in the solicitation of and offers to sell securities to Plaintiffs.

16.

During the July 25th meeting and in subsequent written and oral communications, Defendants made multiple misrepresentation and untrue statements regarding the investment contracts and securities, including untrue statements and misrepresentations pertaining to the identity and number of other investors, the capitalization tables for the investments and securities at issue, and the anticipated and promised returns to be received from Plaintiffs' investment in these securities.

17.

Specifically, Defendants provided Plaintiffs with falsified capitalization tables that contained untrue statements and information about the number of investors and the amounts of investment, including a capitalization table that listed eight (8) other purported investors who were in fact not investors and investments of $12,800,000 which were in fact never made or received, as well as assurances that Metamorphic Aspen, LLC would own over $12.3 million in shares in a water pipeline company, Kermit Pipeline, LLC. Defendants knew the representations and information in those capitalization tables were untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

18.

In addition to the falsified capitalization tables, Defendants also made untrue oral and written statements to Plaintiffs about the identity and number of the current and prospective investors in the securities being offered by Defendants, as well as the amounts of current and forthcoming investments. Defendants knew the statements and information was untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

19.

Additionally, Defendants also made untrue statements and misrepresentations to Plaintiffs about the financial forecasts for the investment, including the frequency and amount of dividends and revenues to be received following Plaintiffs' purchase of the securities and the promised return rates on their investments in the securities, including promised returns that were nearly double than what Plaintiffs would actually receive. Defendants knew the statements and information was untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

20.

Defendants knowingly made these untrue statements and misrepresentations to Plaintiffs in an effort to promote and induce them to purchase and invest in securities, namely investments in Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

21.

On or about September 18, 2024, Plaintiffs purchased securities in Metamorphic Aspen, LLC, in the amount of $1 million each, for a combined amount of $2 million, and subsequently purchased securities in Metamorphic Aspen GP, LLC in the amount of $300,000 each, for a combined amount of $600,000. Plaintiffs agreed to and entered into these purchases in direct reliance on the untrue statements and misrepresentations made by Defendants, which Plaintiffs had no way of knowing were untrue at the time of the purchases.

22.

To date, none of the other investors and investments that had been falsely represented by Defendants have ever materialized, nor have the dividends and returns that had been promised by Defendants been made.

## CAUSE OF ACTION

### COUNT I
### *DEFENDANTS' VIOLATION OF THE LOUISIANA SECURITIES LAW*

23.

Under the Louisiana Securities Law, La. Rev. Stat. §§ 51: 701, *et seq.*, it is unlawful to offer to sell or to sell any security by means of any oral or written untrue statement of material fact. La. Rev. Stat. § 51: 712.A(2).   Further, it shall be unlawful for any person to offer for sale or sell any securities within or from this state unless he is a registered pursuant to the provisions of the Louisiana Securities Law.   La. Rev. Stat. §§ 51:703.A(1) and 51:712.A(1).

24.

Defendants are liable for Plaintiffs' damages under La. Rev. Stat. § 51:712.A(2) of the Louisiana Securities Law because they offered and sold securities, through written and oral communication and by making untrue and misleading statements of material fact of which Plaintiffs did not know. Further, Defendants knew of the misleading nature of these statements, representations, and omission.

25.

Defendants promoted and offered to sell securities and investment contracts in Metamorphic Aspen, LLC, promising that Plaintiffs that millions of dollars had already been invested by other investors and that these investment contracts would generate certain return, when in fact Defendants had not received any other investments and knew Plaintiffs' investment funds would be placed and used for other unauthorized activities without any certain returns.

26.

Defendants are also liable for Plaintiffs' damages under La. Rev. Stat. §§ 51:703(A)(1) 51:712.A(1), and 51:714 for their unlawful offering and sale of securities within this state without being registered as a dealer or salesman pursuant to the provisions of the Louisiana Securities Law.

27.

Defendants' actions in this regard resulted in significant damages to Plaintiffs, including without limitation, lost investment funds, lost investment profits and opportunities, substantial attorneys fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience, entitling Plaintiffs to a full and complete recovery under the Louisiana Securities Law, including interest and attorneys' fees as provided under law.

## COUNT II
### *FRAUDULENT MISREPRESENTATIONS BY DEFENDANTS*

28.

In conjunction with their oral and written statements and representations to Plaintiffs, Defendants knowingly and intentionally made multiple material misrepresentations and omissions, including without limitation the untrue statements, misrepresentations and material omissions related to Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC, which are set forth herein and above.

29.

Defendants made those misrepresentations and omissions with the intent to obtain an unjust advantage and/or cause damage to Plaintiffs, including but not limited to by inducing Plaintiffs to purchase shares and invest in Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

30.

Defendants' misrepresentations and omissions resulted in errors which substantially influenced Plaintiffs' contractual consent and decision to proceed with the aforementioned investment.

31.

Additionally, Defendants' silence and inaction in failing to correct these errors and misstatements further contributed to and influence Plaintiffs' contractual consent and decision to proceed with the aforementioned investment.

32

Pursuant to Louisiana law, including La. Civ. Code art. 1953, Defendants are liable to Plaintiffs for all losses and damages which flowed from the contracts and agreements which Plaintiffs entered based on Defendants' fraudulent misrepresentations, including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience.

## COUNT III
### NEGLIGENT MISREPRESENTATIONS BY DEFENDANTS

33.

In conjunction with their oral and written statements and representations to Plaintiffs, Defendants made multiple misrepresentations and failed to provide accurate information, including without limitation the untrue statements, misrepresentations and omissions related to Metamorphic Aspen, LLC and Metamorphic Aspen GP, LL, which are set forth herein and above.

34.

Defendants were at fault in making these misrepresentations in breach of their legal duty to supply accurate and comprehensive information as to their solicitation of Plaintiffs and the investments being offered for sale.

35.

Plaintiffs justifiably relied upon the representations of Defendants who held themselves out as qualified to sell investments and knowledgeable about the investments, including the identity of the other investors and total amount of investments to date.

36.

The reliance of the Plaintiffs on those representations resulted in damages sustained by Plaintiffs, including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys fees' expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience.

37.

As such, Defendants are liable to Plaintiffs for all losses sustained due to Defendants' tortious acts of negligent misrepresentation.

38.

Plaintiffs expressly reserve the right to amend and/or supplement the allegations and claims in this Petition and to name additional defendants as warranted under the facts and through discovery, including but not limited adding other members, officers, representatives, and agents of Metamorphic Partners, LLC as defendants in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs, Joseph S. Brown III and Patrick Brown ("Plaintiffs"), pray that their Petition be deemed good and sufficient and that this Court enter judgment against defendants, Metamorphic Partners, LLC, Donald Lacombe, Daniel Urrutia, and Kirby Black (collectively, "Defendants") as follows:

(a)    For all actual damages in an amount to be proven at trial or motion, including but not limited to full restitution of all losses incurred by Plaintiffs, with all Defendants being held liable jointly and severally with and to the same extent as each other;

(b)    For all other damages occasioned by Defendants' actions and violations of the applicable laws cited herein, including without limitation , including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience, with all Defendants being held liable jointly and severally with and to the same extent as each other;

(c)    For all exemplary damages occasioned by Defendants' bad faith actions and violations of the applicable laws cited herein;

(d)    For prejudgment and post-judgment interest as allowed pursuant to the laws of Louisiana;

(e)    For an award of attorneys' fees, costs, and expenses incurred in the prosecution of this action as permitted under Louisiana law, including but not limited to La. Rev. Stat. § 51:714; and

(f)    For such other relief as the Court deems just and proper under the circumstances.

*[signature on following page]*

9

Respectfully submitted,

**ADAMS AND REESE LLP**

 _/s/ Timothy M. Brinks_
James T. Rogers III (#21845)
Timothy M. Brinks (#34461)
701 Poydras Street, Suite 4500
New Orleans, Louisiana  70139
Telephone:  (504) 581–3234
Facsimile: (504) 566–0210
jim.rogers@arlaw.com
timothy.brinks@arlaw.com
_Counsel for Plaintiffs,_
_Joseph S. Brown III and Patrick Brown_

**PLEASE ISSUE SERVICE PURSUANT TO LONG ARM STATUTE, R.S. § 13:3204**

Metamorphic Partners, LLC
_through its registered agent_
Donald LaCombe
845 Texas Avenue
Suite 200
Houston, TX  77002

Donald E. LaCombe
23826 River Place Dr.
Katy, TX 77494

Daniel E. Urrutia
1404 Country Ridge Dr.
Desoto, TX 75115

Kirby S. Black
1611 Potomac Dr.
Houston, TX 77057



June 19, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 882101078362

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | D.Lacombe | Delivery Location: | 23826 River PLace Dr. |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; Residential Delivery; Direct Signature Required | | KATY, TX, 77494 |
| | | Delivery date: | Jun 18, 2025 10:37 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 882101078362 | Ship Date: | Jun 17, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Mr. Donald E. Lacombe,
23826 River PLace Dr.
KATY, TX, US, 77494

Shipper:
Timothy M. Brinks. Adams and Reese LLP
701 Poydras St.
Suite 4500
New Orleans, LA, US, 70139

Reference                    091307-000001



D. LACOMBE
#6, 10:38, 1 Del, 0 NonDel

Thank you for choosing FedEx

Iberia Parish Clerk of Court        C-144083
Filed Jul 03, 2025 8:28 AM          C - Civil
Nancy Larson
Deputy Clerk of Court
E-File Received Jul 02, 2025 1:23 PM

**16TH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERIA**

**STATE OF LOUISIANA**

NO. 144083                                             DIVISION "C"

**JOSEPH S. BROWN III AND PATRICK BROWN**

**VS.**

**METAMORPHIC PARTNERS, LLC,
DONALD LACOMBE, DANIEL URRUTIA, AND KIRBY BLACK**

FILED:_____          _____
                                                    DEPUTY CLERK

**AFFIDAVIT OF SERVICE**

STATE OF LOUISIANA

PARISH OF ORLEANS

    Before me, the undersigned authority, duly qualified and commissioned in and for the Parish of Orleans, State of Louisiana, personally came and appeared:

**LISA K. GUTHRIE**

who, after being duly sworn did depose and state:

    1.    That she is employed by the law firm of Adams and Reese as a legal assistant to Timothy M. Brinks;

    2.    That she personally mailed the Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent Misrepresentations Pursuant to Louisiana R.S. 13:3204-05 in this matter to Daniel Urrutia;

    3.    That the Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent Misrepresentations Pursuant to Louisiana R.S. 13:3204-05 was sent on June 17, 2025, by Federal Express courier, properly addressed to:

Daniel Urrutia
1404 Country Ridge Drive
Desoto, TX 75115

    4.    That said Citation and certified copies were delivered to the above address and received and signed for on June 18, 2025. (See Letter, Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent

and Negligent Misrepresentations Pursuant to Louisiana R.S. 13:3204-05 and Federal Express Signed Receipt, attached hereto as Exhibit "A").

*Lisa K. Guthrie*

Lisa K. Guthrie

Sworn to and Subscribed to before
Me, this 2nd day of July, 2025.

William K. Wright IV (La. Bar No. 36736)
NOTARY PUBLIC
My Commission is for Life

Iberia Parish Clerk of Court    C-144083
Filed Jul 03, 2025 8:28 AM    C - Civil
Nancy Larson
Deputy Clerk of Court
E-File Received Jul 02, 2025 1:23 PM

# ADAMS REESE

TIMOTHY M. BRINKS

June 17, 2025

*Via Federal Express*
*Overnight Delivery: 8821 0021 6480*

701 Poydras Street, Suite 4500
New Orleans, LA 70139
E: Timothy.Brinks@arlaw.com
O: 504.585.0246

Mr. Daniel Urrutia
1404 Country Ridge Drive
Desoto, TX 75115

        Re:   Joseph S. Brown, III
              Versus
              Metamorphic Partners, LLC
              16th JDC #C-144083

Dear Mr. Urrutia,

    Enclosed herein is a Citation and certified copies of a Petition for Damages and for Violations of Louisiana Securities Law and Fraudulent and Negligent Misrepresentations with regard to the above action. By delivery of the enclosed, we are effecting service of process of this suit pursuant to Louisiana R.S. 13:3204-05

                    Sincerely,

                    ADAMS AND REESE LLP

                    Timothy M. Brinks

TMB:lkg
Encl.



Iberia Parish Clerk of Court          C-144083
Filed Jun 06, 2025 3:58 PM          C - Civil
Melissa Louviere
Deputy Clerk of Court
E-File Received Jun 06, 2025 3:05 PM

## 16TH JUDICIAL DISTRICT COURT

## PARISH OF IBERIA

## STATE OF LOUISIANA

NO: _____ **144083-C** _____                         DIVISION: _____

### JOSEPH S. BROWN III AND PATRICK BROWN

### VS.

### METAMORPHIC PARTNERS, LLC,
### DONALD LACOMBE, DANIEL URRUTIA, AND KIRBY BLACK

FILED: _____          _____
                                                              **DEPUTY CLERK**

### PETITION FOR DAMAGES
### FOR VIOLATIONS OF LOUISIANA SECURITIES LAW
### AND FRAUDULENT AND NEGLIGENT MISREPRESENTATIONS

NOW INTO COURT, through undersigned counsel, come plaintiffs, Joseph S. Brown III and Patrick Brown, who respectfully submit this Petition for Damages. In support of this Petition for Damages, Plaintiffs aver as follows:

### PARTIES

1.

Plaintiffs, Joseph S. Brown III and Patrick Brown, (collectively, "**Plaintiffs**"), are persons of full age and majority who are domiciled in Iberia Parish and Lafayette Parish, respectively.

2.

Made Defendants herein are the following:

    a.  Metamorphic Partners, LLC ("**Metamorphic Partners**"), is a Texas limited liability company doing business in Louisiana;

    b.  Donald LaCombe ("**Lacombe**"), a person of full age and majority who is a resident of Texas;

    c.  Daniel Urrutia ("**Urrutia**"), a person of full age and majority who is a resident of Texas; and

    d. Kirby Black ("**Black**"), a person of full age and majority who is a resident of

Texas.

Metamorphic Partners, Lacombe, Urrutia, and Black are hereinafter referred to collectively as

the "**Defendants**."

## JURISDICTION AND VENUE

3.

    This Court has original, subject matter jurisdiction over this civil action as a court of

general jurisdiction authorized to conduct ordinary proceedings.

4.

    This Court has personal jurisdiction over the defendants as Louisiana's long-arm statute,

La. Rev. Stat. § 13:3201, confers personal jurisdiction over the defendants. Specifically, the

causes of action set forth herein arise from the actions and misrepresentations made by

Defendants in Iberia Parish, Louisiana and their transacting of business in this State. Defendants

have also had systematic general business contacts with this State, and this suit arises out of and

is related to Defendants' contacts with this State. Additionally, upon information and belief, the

members of Metamorphic Partners include one or more individuals who are residents of and

domiciled in Louisiana.

5.

    Based on the facts pleaded herein, venue is proper in this Court pursuant to La. Rev. Stat.

§ 51:715 because, *inter alia*, violations of the Louisiana Securities Law were committed by

Defendants in Iberia Parish and Defendants performed acts in furtherance of the transaction

which violated the violations of the Louisiana Securities Law in Iberia Parish.

## FACTS

6.

    Beginning in or around July 2024, Defendants intentionally and selectively contacted and

met with Plaintiffs in Louisiana for the purpose of soliciting investments and offering to sell

them securities, including investment contracts and shares in connection with separate entities

named Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

2

7.

During the course of their communications and meetings with Plaintiffs, Defendants made multiple oral and written statements of material fact that they knew were untrue and misleading and were intended to deceive Plaintiffs.

8.

Plaintiffs justifiably relied on statements, misrepresentations, and omissions by Defendants, and Plaintiffs had no knowledge that they were untrue.

9.

As a result of Defendants' untrue statements and omissions, Plaintiff were induced to invest approximately $1.3 million each, for a total of $2.6 million, in connection with an investment contracts to obtain interests in two separate LLCs, Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

10.

Defendants' untrue statements and omissions in connection with the sale of these securities constitute a violation of Louisiana Securities Law, La. Rev. Stat. §§ 51:701, *et seq.* and Plaintiffs are entitled to recover the full amount of the consideration, totaling approximately $2.6 million, from Defendants, as well as all court costs and reasonable attorneys' fees incurred in connection therewith.

### *Defendants' Untrue Statements and Omissions*

11.

In July 2024, Metamorphic Partners reached out to plaintiff Joseph S. Brown III to invite him to an in-person meeting in Iberia Parish, Louisiana, for the purpose of soliciting and offering the sale of investment contracts and securities to Plaintiffs.

12.

In these communications, Metamorphic Partners held itself out as a "diversified emerging asset manager" in the business of brokering and selling investments in securities.

13.

The in-person meeting was held in Iberia Parish on July 25, 2024.

14.

LaCombe, Urrutia, and Black are each members and officers of Metamorphic Partners. At all relevant times set forth herein, Lacombe was Metamorphic Partners' Managing Partner, Urrutia was a Partner and Head of Latin America at Metamorphic Partners, and Black was Metamorphic Partners' Vice President of External Relations.

15.

LaCombe, Urrutia, and Black were in attendance at the meeting in Iberia Parish, and each of them was directly and actively involved in communicating with Plaintiffs in Louisiana and in the solicitation of and offers to sell securities to Plaintiffs.

16.

During the July 25th meeting and in subsequent written and oral communications, Defendants made multiple misrepresentation and untrue statements regarding the investment contracts and securities, including untrue statements and misrepresentations pertaining to the identity and number of other investors, the capitalization tables for the investments and securities at issue, and the anticipated and promised returns to be received from Plaintiffs' investment in these securities.

17.

Specifically, Defendants provided Plaintiffs with falsified capitalization tables that contained untrue statements and information about the number of investors and the amounts of investment, including a capitalization table that listed eight (8) other purported investors who were in fact not investors and investments of $12,800,000 which were in fact never made or received, as well as assurances that Metamorphic Aspen, LLC would own over $12.3 million in shares in a water pipeline company, Kermit Pipeline, LLC. Defendants knew the representations and information in those capitalization tables were untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

18.

In addition to the falsified capitalization tables, Defendants also made untrue oral and written statements to Plaintiffs about the identity and number of the current and prospective investors in the securities being offered by Defendants, as well as the amounts of current and forthcoming investments. Defendants knew the statements and information was untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

19.

Additionally, Defendants also made untrue statements and misrepresentations to Plaintiffs about the financial forecasts for the investment, including the frequency and amount of dividends and revenues to be received following Plaintiffs' purchase of the securities and the promised return rates on their investments in the securities, including promised returns that were nearly double than what Plaintiffs would actually receive. Defendants knew the statements and information was untrue and incorrect, and Defendants failed to disclose that fact to Plaintiffs.

20.

Defendants knowingly made these untrue statements and misrepresentations to Plaintiffs in an effort to promote and induce them to purchase and invest in securities, namely investments in Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

21.

On or about September 18, 2024, Plaintiffs purchased securities in Metamorphic Aspen, LLC, in the amount of $1 million each, for a combined amount of $2 million, and subsequently purchased securities in Metamorphic Aspen GP, LLC in the amount of $300,000 each, for a combined amount of $600,000. Plaintiffs agreed to and entered into these purchases in direct reliance on the untrue statements and misrepresentations made by Defendants, which Plaintiffs had no way of knowing were untrue at the time of the purchases.

22.

To date, none of the other investors and investments that had been falsely represented by Defendants have ever materialized, nor have the dividends and returns that had been promised by Defendants been made.

5

## CAUSE OF ACTION

### COUNT I

### *DEFENDANTS' VIOLATION OF THE LOUISIANA SECURITIES LAW*

23.

Under the Louisiana Securities Law, La. Rev. Stat. §§ 51: 701, *et seq.*, it is unlawful to offer to sell or to sell any security by means of any oral or written untrue statement of material fact. La. Rev. Stat. § 51: 712.A(2).  Further, it shall be unlawful for any person to offer for sale or sell any securities within or from this state unless he is a registered pursuant to the provisions of the Louisiana Securities Law.   La. Rev. Stat. §§ 51:703.A(1) and 51:712.A(1).

24.

Defendants are liable for Plaintiffs' damages under La. Rev. Stat. § 51:712.A(2) of the Louisiana Securities Law because they offered and sold securities, through written and oral communication and by making untrue and misleading statements of material fact of which Plaintiffs did not know. Further, Defendants knew of the misleading nature of these statements, representations, and omission.

25.

Defendants promoted and offered to sell securities and investment contracts in Metamorphic Aspen, LLC, promising that Plaintiffs that millions of dollars had already been invested by other investors and that these investment contracts would generate certain return, when in fact Defendants had not received any other investments and knew Plaintiffs' investment funds would be placed and used for other unauthorized activities without any certain returns.

26.

Defendants are also liable for Plaintiffs' damages under La. Rev. Stat. §§ 51:703(A)(1) 51:712.A(1), and 51:714 for their unlawful offering and sale of securities within this state without being registered as a dealer or salesman pursuant to the provisions of the Louisiana Securities Law.

27.

Defendants' actions in this regard resulted in significant damages to Plaintiffs, including without limitation, lost investment funds, lost investment profits and opportunities, substantial attorneys fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience, entitling Plaintiffs to a full and complete recovery under the Louisiana Securities Law, including interest and attorneys' fees as provided under law.

## COUNT II
### *FRAUDULENT MISREPRESENTATIONS BY DEFENDANTS*

28.

In conjunction with their oral and written statements and representations to Plaintiffs, Defendants knowingly and intentionally made multiple material misrepresentations and omissions, including without limitation the untrue statements, misrepresentations and material omissions related to Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC, which are set forth herein and above.

29.

Defendants made those misrepresentations and omissions with the intent to obtain an unjust advantage and/or cause damage to Plaintiffs, including but not limited to by inducing Plaintiffs to purchase shares and invest in Metamorphic Aspen, LLC and Metamorphic Aspen GP, LLC.

30.

Defendants' misrepresentations and omissions resulted in errors which substantially influenced Plaintiffs' contractual consent and decision to proceed with the aforementioned investment.

31.

Additionally, Defendants' silence and inaction in failing to correct these errors and misstatements further contributed to and influence Plaintiffs' contractual consent and decision to proceed with the aforementioned investment.

32

Pursuant to Louisiana law, including La. Civ. Code art. 1953, Defendants are liable to Plaintiffs for all losses and damages which flowed from the contracts and agreements which Plaintiffs entered based on Defendants' fraudulent misrepresentations, including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience.

## COUNT III
### *NEGLIGENT MISREPRESENTATIONS BY DEFENDANTS*

33.

In conjunction with their oral and written statements and representations to Plaintiffs, Defendants made multiple misrepresentations and failed to provide accurate information, including without limitation the untrue statements, misrepresentations and omissions related to Metamorphic Aspen, LLC and Metamorphic Aspen GP, LL,  which are set forth herein and above.

34.

Defendants were at fault in making these misrepresentations in breach of their legal duty to supply accurate and comprehensive information as to their solicitation of Plaintiffs and the investments being offered for sale.

35.

Plaintiffs justifiably relied upon the representations of Defendants who held themselves out as qualified to sell investments and knowledgeable about the investments, including the identity of the other investors and total amount of investments to date.

36.

The reliance of the Plaintiffs on those representations resulted in damages sustained by Plaintiffs, including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys fees' expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience.

8

37.

As such, Defendants are liable to Plaintiffs for all losses sustained due to Defendants' tortious acts of negligent misrepresentation.

38.

Plaintiffs expressly reserve the right to amend and/or supplement the allegations and claims in this Petition and to name additional defendants as warranted under the facts and through discovery, including but not limited adding other members, officers, representatives, and agents of Metamorphic Partners, LLC as defendants in this matter.

### **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs, Joseph S. Brown III and Patrick Brown ("Plaintiffs"), pray that their Petition be deemed good and sufficient and that this Court enter judgment against defendants, Metamorphic Partners, LLC, Donald Lacombe, Daniel Urrutia, and Kirby Black (collectively, "Defendants") as follows:

(a)    For all actual damages in an amount to be proven at trial or motion, including but not limited to full restitution of all losses incurred by Plaintiffs, with all Defendants being held liable jointly and severally with and to the same extent as each other;

(b)    For all other damages occasioned by Defendants' actions and violations of the applicable laws cited herein, including without limitation , including without limitation their lost investment funds, lost investment profits and opportunities, substantial attorneys' fees' and expenses to investigate and pursue recovery of their investments, and pain, suffering and inconvenience, with all Defendants being held liable jointly and severally with and to the same extent as each other;

(c)    For all exemplary damages occasioned by Defendants' bad faith actions and violations of the applicable laws cited herein;

(d)    For prejudgment and post-judgment interest as allowed pursuant to the laws of Louisiana;

(e)    For an award of attorneys' fees, costs, and expenses incurred in the prosecution of this action as permitted under Louisiana law, including but not limited to La. Rev. Stat. § 51:714; and

(f)    For such other relief as the Court deems just and proper under the circumstances.

*[signature on following page]*

9

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Timothy M. Brinks*
James T. Rogers III (#21845)
Timothy M. Brinks (#34461)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581–3234
Facsimile: (504) 566–0210
jim.rogers@arlaw.com
timothy.brinks@arlaw.com
*Counsel for Plaintiffs,*
*Joseph S. Brown III and Patrick Brown*

**PLEASE ISSUE SERVICE PURSUANT TO LONG ARM STATUTE, R.S. § 13:3204**

Metamorphic Partners, LLC
*through its registered agent*
Donald LaCombe
845 Texas Avenue
Suite 200
Houston, TX 77002

Donald E. LaCombe
23826 River Place Dr.
Katy, TX 77494

Daniel E. Urrutia
1404 Country Ridge Dr.
Desoto, TX 75115

Kirby S. Black
1611 Potomac Dr.
Houston, TX 77057

**FedEx**

June 19, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 882102146480

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | U.Ulthea | Delivery Location: | 1404 Country Ridge Drive |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; Residential Delivery; Direct Signature Required | | DESOTO, TX, 75115 |
| | | Delivery date: | Jun 18, 2025 12:36 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 882102146480 | Ship Date: | Jun 17, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

**Recipient:**
Mr. Daniel Urrutia,
1404 Country Ridge Drive
DESOTO, TX, US, 75115

**Shipper:**
Timothy M. Brinks, Adams and Reese LLP
701 Poydras St.
Suite 4500
New Orleans, LA, US, 70139

Reference                091307-000001

U. ULTHEA
#48, 12:38, 1 Del, 0 NonDel

Thank you for choosing FedEx

**KIRBY BLACK**
1611 Potomac Dr.
Houston, Texas 77057
(713) 818-4286
**Pro Se Litigant**

July 5, 2025

Clerk of Court
16th Judicial District Court
Iberia Parish Courthouse
300 Iberia Street, Suite 100
New Iberia, LA 70560

Re: Joseph S. Brown III and Patrick Brown v. Metamorphic Partners, LLC, et al.
Case No. 144083-C – Division Iberia

Dear Clerk of Court:

Enclosed for filing in the above-referenced matter, please find the following document:

- Notice of Filing of Notice of Removal to United States District Court (with copy of the Notice of Removal attached as filed in the Western District of Louisiana, Lafayette Division).

Please file this document into the record of the state court case.

Should you require any additional information or corrections, please do not hesitate to contact me at (713) 818-4286 or by email at kirby@metamorphicpartners.com.

Thank you for your assistance.

Respectfully submitted,

*Kirby G. Black, pro se*

Kirby Black
Pro Se Defendant

# 16th JUDICIAL DISTRICT COURT

## PARISH OF IBERIA

## STATE OF LOUISIANA

No. 144083-C

### JOSEPH S. BROWN III and PATRICK BROWN
Plaintiffs,

vs.

### METAMORPHIC PARTNERS, LLC, DONALD LACOMBE, DANIEL URRUTIA and KIRBY BLACK
Defendants.

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO THE HONORABLE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that on July 5, 2025, Defendant Kirby Black, appearing pro se, filed a Notice of Removal of this action to the United States District Court for the Western District of Louisiana, Lafayette Division, under Civil Action No. [insert when known].

A copy of the Notice of Removal (without attachments) is attached as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), this Court is hereby notified that the above-captioned action is now removed to federal court, and this Court shall proceed no further unless and until the case is remanded.

WHEREFORE, Defendant Kirby Black, appearing pro se, respectfully removes this action to the United States District Court for the Western District of Louisiana, Lafayette Division.

Respectfully submitted,

*Kirby E. Black, pro se*

Kirby Black
1611 Potomac Drive
Houston, Texas 77057
713-818-4286
Email: kirby@metamorphicpartners.com
Pro Se Defendant

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this the 5th day of July 2025, pursuant to the  Rules of Civil Procedure, via regular mail:

Timothy M. Brinks
Adams and Reese, PLLC
701 Poydras Street, Ste 4500
New Orleans, LA  70139
Timothy.brinks@arlaw.com

*Kirby E. Black, pro se*

Kirby Black, Pro Se