UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH S. BROWN, III and<br>PATRICK BROWN<br>　　Plaintiffs,<br><br>VERSUS<br><br>METAMORPHIC PARTNERS, LLC,<br>DONALD LACOMBE, DANIEL URRATIA,<br>and KIRBY BLACK<br>　　Defendants | CIVIL ACTION NO.: 6:25-cv-00973<br><br>JUDGE:  S. MAURICE HICKS, JR.<br><br>MAGISTRATE: DAVID J. AYO |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Metamorphic Partners, LLC, Donald Lacombe, Daniel Urratia, and Kirby Black ("Defendants"), through undersigned counsel, respectfully submit this Answer and Affirmative Defenses in response to the Petition for Damages filed by Plaintiffs, Joseph S. Brown, III and Patrick Brown, as follows:

### I.
### ANSWER

Defendants respond to each allegation of the Petition for Damages as follows:

### PARTIES

1.

The allegations of paragraph 1 are denied for lack information sufficient to justify a belief therein.

2.

a.	Metamorphic Partners, LLC admits that it is a Texas limited liability company, but denies the remaining allegations of Paragraph 2-a.

    b.    Admitted.

    c.    Admitted.

    d.    Admitted.

## JURISDICTION AND VENUE

### 3.

The allegations of paragraph 3 state a legal conclusion which does not require an answer. To the extent an answer is required, the allegations are denied for lack of information sufficient to justify a belief therein.

### 4.

The allegations of paragraph 4 are denied. Defendants specifically deny that this Court has personal jurisdiction over Defendants and affirmatively object to the exercise of personal jurisdiction.

### 5.

The allegations of paragraph 5 are denied. Defendants specifically deny that venue is proper in this Court and affirmatively object to venue.

### 6.

Defendants admit that a meeting took place in July 2024 in Louisiana related to Metamorphic Aspen, LLC and Metamorphic Aspen G.P., LLC, but deny the remaining allegations of paragraph 6.

### 7.

The allegations of paragraph 7 are denied.

### 8.

The allegations of paragraph 8 are denied.

9.

Defendants admit that plaintiffs invested approximately $1.3 million each for a total of $2.6 million in Metamorphic Aspen., LLC and Metamorphic Aspen GP, LLC, but deny the remaining allegations of paragraph 9.

10.

The allegations of paragraph 10 are denied.

### *Defendants' Untrue Statements and Omissions*

11.

Defendants admit that a meeting was held with Mr. Brown in Iberia Parish, Louisiana, but deny the remaining allegations of paragraph 11.

12.

The allegations of paragraph 12 are denied.

13.

The allegations of paragraph 13 are admitted.

14.

Defendants deny that Mr. Black is a member or officer of Metamorphic Partners, but admit he had the title of Vice President of External Relations. The remaining allegations of paragraph 14 are denied.

15.

The allegations of paragraph 15 are denied.

16.

The allegations of paragraph 16 are denied.

17.

The allegations of paragraph 17 are denied.

18.

The allegations of paragraph 18 are denied.

19.

The allegations of paragraph 19 are denied.

20.

The allegations of paragraph 20 are denied.

21.

Defendants admit that plaintiffs invested $1 million each in Metamorphic Aspen, LLC and $300,000 each in Metamorphic Aspen GP, LLC, but deny the remaining allegations of paragraph 21.

22.

The allegations of paragraph 22 are denied.

## CAUSE OF ACTION

### COUNT I

*DEFENDANTS' VIOLATION OF THE LOUISIANA SECURITIES LAW*

23.

Paragraph 23 paraphrases Louisiana statutes and states legal conclusions which do not require an answer. To the extent an answer is required, the allegations are denied to the extent they do not conform to the actual statutory text.

24.

The allegations of paragraph 24 are denied.

25.

The allegations of paragraph 25 are denied.

26.

The allegations of paragraph 26 are denied.

27.

The allegations of paragraph 27 are denied.

## COUNT II

### *FRAUDULENT MISREPRESENTATIONS BY DEFENDANTS*

28.

The allegations of paragraph 28 are denied.

29.

The allegations of paragraph 29 are denied.

30.

The allegations of paragraph 30 are denied.

31.

The allegations of paragraph 31 are denied.

32.

The allegations of paragraph 32 are denied.

## COUNT III

### *NEGLIGENT MISREPRESENTATIONS BY DEFENDANTS*

33.

The allegations of paragraph 33 are denied.

34.

The allegations of paragraph 34 are denied.

35.

The allegations of paragraph 35 are denied.

36.

The allegations of paragraph 36 are denied.

37.

The allegations of paragraph 37 are denied.

38.

The allegations of paragraph 38 are denied.

## PRAYER FOR RELIEF

The final unnumbered paragraph of the Petition is a prayer for relief which does not require an answer. To the extent an answer is required, Defendants deny all allegations contained in the prayer for relief, deny all liability to Plaintiffs, and deny that Plaintiffs are entitled to any of the relief requested in the prayer for relief, including all requests for general and/or equitable relief, damages, exemplary damages, interest, attorneys' fees, costs and expenses.

## II.
## AFFIRMATIVE DEFENSES

Defendants further assert the following affirmative defenses in response to the Petition for Damages:

### First Affirmative Defense

The Petition fails to state upon which relief can be granted.

### Second Affirmative Defense

This Court lacks personal jurisdiction over Defendants.

### Third Affirmative Defense

This action has been brought in an improper venue.

### Fourth Affirmative Defense

Plaintiffs do not have a right of action or cause of action against Defendants under the Louisiana Securities Act, La. Rev. Stat. § 51:701 *et seq.*

### Fifth Affirmative Defense

Defendants did not intentionally or negligently make, or fail to make, any misrepresentation of fact or omissions of fact to Plaintiffs.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of estoppel, waiver, satisfaction, ratification and/or unclean hands.

### Seventh Affirmative Defense

Plaintiffs failed to mitigate any damages, if any, which they may have sustained.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that their damages, if any, are the result of their own negligence or fault.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that their damages, if any, were caused by the negligence or fault of third parties over whom Defendants exercise no control.

### Tenth Affirmative Defense

Defendants reserve the right to supplement these Affirmative Defenses to assert any additional defenses which may become applicable or may be discovered as this case proceeds.

Respectfully submitted,

*/s/Joelle F. Evans*
Kyle Schonekas, 11817
Joelle F. Evans, 23730
Andrea V. Timpa, 29455
SCHONEKAS EVANS McGOEY &
McEACHIN, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: 504-680-6050
Facsimile: 504-680-6051
kyle@semmlaw.com
joelle@semmlaw.com
andrea@semmlaw.com

*Attorneys for defendants, Metamorphic Partners, LLC, Donald Lacombe, Daniel Urratia, and Kirby Black*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/Joelle F. Evans*
JOELLE F. EVANS