UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH S. BROWN, III and PATRICK BROWN<br>Plaintiffs,<br><br>VERSUS<br><br>METAMORPHIC PARTNERS, LLC, DONALD LACOMBE, DANIEL URRATIA, and KIRBY BLACK<br>Defendants | CIVIL ACTION NO.: 6:25-cv-00973<br><br>JUDGE:  S. MAURICE HICKS, JR.<br><br>MAGISTRATE: DAVID J. AYO |

**CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER**

In order to facilitate discovery and the use of discovered information in this action, because one or more of the parties may claim that financial, proprietary, or confidential information has been or may be requested in discovery, or may be disclosed in this action, Plaintiffs Joseph S. Brown, III and Patrick Brown (collectively, "Plaintiffs"), and Defendants, Metamorphic Partners, LLC, Donald Lacombe, Daniel Urratia, and Kirby Black (collectively, "Defendants"), consent to the following Confidentiality and Protective Order:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the following Confidentiality and Protective Order is issued to govern certain disclosures in this case by and between Plaintiffs, Joseph S. Brown, III and Patrick Brown, and Defendants, Metamorphic Partners, LLC, Donald Lacombe, Daniel Urratia, and Kirby Black, as follows:

**WHEREAS**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, documents and information produced or exhibited by and among the parties to this action relating to financial, trade secrets, or other proprietary and/or confidential information, including but not limited to information relating to funding, investments, distributions, PowerPoints, presentations, investors, cash flow, owner's equity, income, cap tables, expenses, assets, projections, forecasts, bank records, and liabilities, as well as confidential research, development, or commercial information may be deemed to be confidential by one or more of the parties.

**THEREFORE**, an Order protecting such confidential information shall be and is hereby made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony and/or information produced or given in this action that are designated "Confidential" to be subject to this Order.

2. Any party (collectively, "person" or "persons") producing or filing documents in this action that have been deemed confidential for the reasons set forth in the preamble may designate such documents and the information contained therein as subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." If the document or information is not in paper form, the producing person shall use other such reasonable means as necessary to clearly identify the documents or information as "Confidential."

    a. If either party objects to the designation of a document as "Confidential," they shall in good faith confer or attempt to confer with the designating person in an effort to resolve the dispute without court action. If the parties

    are not able to resolve the dispute, the objecting party may challenge the objection of confidentiality by motion to the Court for an Order that the specifically identified material be undesignated or excluded from the provisions of this Order.

 b. During the time that documents designated as "Confidential" are disclosed in a **deposition**, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Confidential" information or document is discussed, any person who has not or will not expressly agree to be bound by this Protective Order. Appropriate sections of depositions or hearing transcripts may be designated "Confidential" by any party objecting on the record and stating their intention to so designate the section of the deposition or transcript at the time of the deposition. If no objection is made on the record, the objection of confidentiality is waived. A party may challenge the objection of confidentiality by motion to the Court for an Order that the specifically identified material be undesignated or excluded from the provisions of this Order. All persons shall treat as "Confidential" the portion of the transcript containing an objection of confidentiality unless and until the Court has ruled on the objection by the above-described motion procedure.

 c. The **inadvertent disclosure** of a document that could properly be designated as "Confidential" shall be without prejudice to the producing person. The producing party shall have a sixty (60) day period from the

    date of production to designate such documents and information as "Confidential."

3.  Any documents, discovery responses, testimony, materials or information designated or marked "Confidential" may be disclosed by the receiving party only to the following persons; receiving party is hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein:

  a.  The **attorneys of record** for the receiving party and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, outside attorneys assisting in the prosecution or defense of this action, employees of the attorneys of record or assisting outside attorneys, legal support service personnel and their employees;

  b.  **Independent experts and consultants** and their employees. No documents or information designated as "Confidential" shall be provided to any expert or consultants or the employees of either until the expert, consultant or employee has read this Order and has agreed to abide by its terms by signing a copy of the attached "Certification;"

  c.  **The Court, Court personnel and Court reporters**;

  d.  The **parties**, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of this litigation;

  e.  The author(s), sender(s), addressee(s) and copy recipient(s) of the Confidential material;

    f.    Any witness during a deposition where Confidential material is relevant to the subject matter, provided that prior to any such disclosure during a deposition, such witness shall be advised of the provisions of this Order; and

    g.    Such other persons as are designated by the producing party and agreed to by all other parties in writing or by Court order. No documents or information designated as "Confidential" shall be provided to any such persons (excluding subpart (c)) until they have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification."

4.    The parties shall refer to the procedure set forth in this Court's standing Order referred to as Procedure for Filing Documents Under Seal in Civil cases, which is located on the Court's website.

5.    All documents, transcript, or other materials subject to this Order, all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, other than solely for the purpose of this litigation and in preparation for trial in accordance with the provisions of this Order.

6.    Nothing in this Order shall prevent a party from using at trial, at deposition or any hearing, any information or materials designated "Confidential."

7. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry or this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

8. Within sixty (60) days of the conclusion of this action and following a written request by the designating person, all documents, transcripts, or other material (including copies) afforded "Confidential" treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be destroyed by the receiving party.

9. If at any time any party having possession, custody, or control of "Confidential" materials is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production of such information, the person to whom the subpoena or other process is directed shall provide written notice to the counsel for the party that had designated the materials as "Confidential" within ten (10) business days of receiving the subpoena or not less than five (5) business days prior to producing the "Confidential" material, whichever is earlier.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A
## CERTIFICATION AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledge that he/she has read the Confidentiality and Protective Order in the captioned action, understand the terms thereof, and agree to be bound by those terms.

| | |
|---|---|
| ADAMS & REESE LLP | */s/Joelle F. Evans* |
| | Kyle Schonekas, 11817 |
| */s/ Timothy M. Brinks* | Joelle F. Evans, 23730 |
| RICHARD A. AGUILAR (#17439) | Andrea V. Timpa, 29455 |
| TIMOTHY M. BRINKS (#34461) | SCHONEKAS EVANS McGOEY & |
| JAMES T. ROGERS III (#21845) | McEACHIN, LLC |
| 701 Poydras Street, Suite 4500 | 909 Poydras Street, Suite 1600 |
| New Orleans, Louisiana 70139 | New Orleans, Louisiana 70112 |
| Telephone: (504) 581-3234 | Telephone: 504-680-6050 |
| Facsimile: (504) 566-0210 | Facsimile: 504-680-6051 |
| Richard.aguilar@arlaw.com | kyle@semmlaw.com |
| timothy.brinks@arlaw.com | joelle@semmlaw.com |
| timothy.brinks@arlaw.com | andrea@semmlaw.com |
| james.rogers@arlaw.com | |
| | |
| *Counsel for Plaintiffs,* | *Attorneys for defendants, Metamorphic* |
| *Joseph S. Brown III and Patrick Brown* | *Partners, LLC, Donald Lacombe, Daniel Urratia, and Kirby Black* |

## ATTACHMENT A
## CERTIFICATION AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledge that he/she has read the Confidentiality and Protective Order in the captioned action, understand the terms thereof, and agree to be bound by those terms.

Name (printed): _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Signature: _____

Date: _____